IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BARTON ANTHONY STROMSKI;, and<br>JACKIE LYNN CLARK-STROMSKI | Civil No. 02-1636-CO |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| v. | |
| JOSH FINDLEY; JEFF GORDON; and<br>ROBERT KRIEGER | |
| Defendants. | |

COONEY, Magistrate Judge:

This civil rights action remains pending by plaintiff Barton Anthony Stromski.[1] Motions to dismiss pursuant to Federal Rules of Civil Procedure 25(a) have been filed by defendants Findley and Gordon (#42) and defendant Krieger (#44).

## **DISCUSSION**

Federal Rules of Civil Procedure 25(a)(1), providing for substitution of parties, provides:

> (a) Death.
> (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and

---

[1] Co-plaintiff Jackie Lynn Clark-Stromski's claims have been dismissed at her request without prejudice by order of the court (#35).

upon persons not parties in the manner provided in Rule 4 for the service of summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

On September 1, 2005, federal defendants filed a "Rule 25(a)(1) Notice of Death of the Plaintiff" (#41), and attached the certificate of death for Barton Anthony Stromski. It appears that service of the notice of death complied with the requirements of Rule 25(a)(1). Ninety days have passed since the notice of death was filed, and no motion for substitution has been filed on behalf of plaintiff Barton Anthony Stromski. Accordingly, this action should be dismissed as to the deceased plaintiff, Barton Anthony Stromski.

## RECOMMENDATION

For the foregoing reasons, motions to dismiss filed by defendants Findley and Gordon (#42) and defendant Krieger (#44), should be granted, and this case should be dismissed and judgment entered dismissing this case with prejudice.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** ***The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections.*** **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the**

**Magistrate Judge's recommendation.**

DATED this _19___ day of December, 2005.


_____/s/_____
UNITED STATES MAGISTRATE JUDGE